JD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KEVIN EDWARDS,

        Defendant.

COMPLAINT

(T. 18, U.S.C., § 922(g)(1))

21-MJ-37

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        TIM STEVENS, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about January 12, 2021, within the Eastern District of New York, the defendant KEVIN EDWARDS, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Ruger 9mm caliber pistol bearing serial number 33262782, and ammunition.

        (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for his belief are as follows:[1]

1. I am a Special Agent with the FBI and have been involved in the investigation of numerous cases involving firearms offenses during my five years as a Special Agent. I am presently assigned to the Safe Streets Taskforce, a joint FBI and NYPD squad that investigates violent crimes in the five boroughs of New York City and Long Island. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about January 12, 2021, at approximately 1:50p.m., Officer-1 and Officer-2[2] of the NYPD were on uniformed patrol in a marked police car parked facing westbound on Jamaica Avenue in Queens, New York. At the vicinity of 160th Street and Jamaica Avenue, Officer-1 and Officer-2 observed a white Jeep (the "Vehicle") driving eastbound on Jamaica Avenue, past their police vehicle. The Vehicle had excessively tinted windows on all four passenger windows, in violation of the New York

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1 and Officer-2 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1 and Officer-2 about the events set forth herein and reviewed the Body Worn Camera footage ("BWC") of the officers.

State Vehicle & Traffic Law. ("VTL").  Officer-1 and Officer-2 conducted a car stop of the Vehicle, which was being operated by its sole occupant, the defendant KEVIN EDWARDS.

3. Officer-1 and Officer-2 looked inside the Vehicle and saw the defendant, KEVIN EDWARDS ("EDWARDS"), seated in the driver's seat of the Vehicle. Officer-3 escorted EDWARDS out of the vehicle to the rear. A strong odor of marijuana was emanating from the Vehicle. During a search of the front passenger area of the Vehicle, a Ruger 9mm pistol with serial number 33262782, loaded with 16 rounds of ammunition in the magazine and one round in the chamber ("The Seized Firearm") was recovered from inside the center console of the Vehicle. Also found inside the center console were pieces of jailhouse mail and receipts in the name of the defendant, KEVIN EDWARDS. The Seized Firearm had previously been reported stolen from its owner in Norfolk, Virginia.

4. Based on conversations with a Nexus expert of the Bureau of Alcohol, Tobacco and Firearms ("ATF") and my review of law enforcement databases and my own training and experience, I know that the Seized Firearm was manufactured outside the State of New York.

5. I have also reviewed the defendant's criminal history records and have determined that, on or about December 15, 2014, in the Supreme Court of the State of New York, Queens County, the defendant was convicted of Criminal Possession of a Controlled Substance in the Third degree, in violation of New York Penal Law § 220.16, a felony punishable by a term of imprisonment of more than one year. On or about January 28, 2004, in the Supreme Court of the State of New York, Queens County, the defendant was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.06, a felony punishable by a term of imprisonment of more

of New York Penal Law § 220.06, a felony punishable by a term of imprisonment of more than one year. Lastly, on or about November 14, 2003, in the Supreme Court of the State of New York, Queens County, the defendant was convicted of Criminal Possession of a Controlled Substance in the Third degree, in violation of New York Penal Law § 220.16, a felony punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that the defendant KEVIN EDWARDS be dealt with according to law.

TIM STEVENS
Special Agent
Federal Bureau of Investigation

Sworn to before me this
13th day of January, 2021

THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4